**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| OWEN M. SMITH AND DANA NORWOOD SMITH, | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| V. | § | A-13-CV-0193-LY-ML |
| | § | |
| BANK OF AMERICA CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP, BARRETT DAFFIN FRAPPIER TURNER AND ENGEL, LLP, NDEX TITLE SERVICES, L.L.C., STEPHEN C. PORTER, G. TOMMY BASTIAN, JOHN AND/OR JANE DOES 1-100 | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Motion to Remand to State Court [Dkt. #73], the

Defendants Barrett Daffin Frappier Turner and Engel, LLP., NDEX Title Services, L.L.C., G.

Tommy Bastian, and Stephen C. Porter's Response to Plaintiffs' Motion to Remand [Dkt. #80]

(collectively, the "Texas Defendants"); Defendants' Briefing Regarding Subject Matter

Jurisdiction [Dkt. #81], filed by Defendants Bank of America Corporation, Mortgage Electronic

Registration Systems, Inc., and Bank of America, N.A., as successor by merger to BAC Home

Loans Servicing, LP f/k/a Countrywide Home Loans Servicing (collectively, the "Removing

Defendants"); Plaintiffs' Reply to Barrett Daffin Frappier Turner and Engel, LLP., NDEX Title

Services, L.L.C., G. Tommy Bastian, and Stephen C. Porter's Response to Plaintiffs' Motion to

Remand [Dkt. #82]; Plaintiffs' Reply to Bank of America Response Brief on Motion For Remand [Dkt. #83]; Defendants Barrett Daffin Frappier Turner and Engel, LLP., NDEX Title Services, L.L.C., G. Tommy Bastian, and Stephen C. Porter's Sur-Reply to Plaintiffs' Motion to Remand [Dkt. #86]; and Plaintiffs' supplemental Letter Brief of July 13, 2015 [Dkt. #87].

The Motion to Remand and related briefing were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I.   BACKGROUND

Plaintiffs, Owen and Dana Smith, filed suit against the Texas Defendants and the Removing Defendants in the 345th Judicial District Court of Travis County, Texas, on February 1, 2013.  Plaintiffs asserted claims for wrongful foreclosure under Texas law, based on alleged defects in the chain of title leading to Bank of America's acquisition of the mortgage debt.  Orig. Pet. at 5-6, 14-15.  Plaintiffs further alleged Bank of America never became a valid mortgage servicer as to their mortgage, and instead "was a 3rd party debt collector, pretending to be the Lender."  *Id.* at 6.  Plaintiffs asserted this alleged conduct violated the "Fair Debt Collection Practice Act," noting that "The Supreme Court has warned people in . . . Title 15 Section 1692 that when people enter into any dealings with agents, the people better investigate the authority and limits of the authority that the agents possess."  *Id.*  Plaintiffs contended their requests that Bank of America show them "some form of reasonable documentation of change of mortgage

2

servicer" went unanswered.  *Id.*  Plaintiffs further alleged Bank of America lacked any actual authority to collect on or foreclose on their mortgage loan.  *Id.* According to Plaintiffs, the Texas Defendants and the Removing Defendants all participated in filing fraudulent documents with the county clerk's office, memorializing a purported transfer of their lien to Bank of America that was never authorized by the original Lender.  *Id.* at 10-11, 13-15.  Finally, Plaintiffs alleged the note and mortage were "bifurcated" and "securitized," invalidating the lien on their real property.  *Id.* at 16-18.

On March 3, 2013, the Removing Defendants timely filed a Notice of Removal based on federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.  *See generally* Not. Removal [Dkt. #1].  Defendants identified two proposed grounds for asserting federal question jurisdiction:  (1) Plaintiffs had asserted a federal claim under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and (2) Plaintiffs' state law wrongful foreclosure claims were pre-empted by the federal Home Owners' Loan Act (HOLA), 15 U.S.C. § 1601 *et seq.*, because their loan was originated by a federal banking association (FBA) subject to HOLA regulations.  Not. Removal [Dkt. #1] at 2-3.  Defendants acknowledged Bank of America is not itself subject to HOLA, but contended the preemption provisions of the federal statute followed the note.  *Id.* at 2.

Additionally and in the alternative, the Removing Defendants proposed asserting diversity jurisdiction, despite the inclusion of the Texas Defendants as parties to the case, based on the doctrine of fraudulent joinder.  *Id.* at 3-6.  According to the Removing Defendants, each of the Texas Defendants was a "quintessential 'depository or stakeholder' with no property interest at stake," making them "each a nominal party whose presence should be disregarded in determining diversity of citizenship, as numerous courts have done in similar instances."  *Id.* at

3

6.  Therefore, Removing Defendants asserted, the requirements for diversity jurisdiction were satisfied—the Removing Defendants were citizens of states other than Texas, the Plaintiffs' home state, and the value of the amount in controversy (the appraisal value of the home) was well above the $75,000 jurisdictional threshold.  *Id.* at 6-7.  Plaintiffs never contested removal.

On the basis of the Original Petition, the Texas Defendants moved for a 12(b)(6) dismissal on the merits, contending each Texas Defendant is immune from suit under the circumstances of this case.  *See generally* Interim Report and Recommendation [Dkt. #14].  The claims against Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin") and Stephen Porter ("Porter"), were dismissed with prejudice based on the Texas doctrine of attorney immunity.  Order on Interim Report and Recommendation [Dkt. #29] at 3.  The claims against Tommy Bastian ("Bastian") were dismissed without prejudice on the basis of the statutory immunity provided to trustees under a deed of trust.   TEX. PROP. CODE ANN. § 51,007(a); Interim Report and Recommendation [Dkt. #14] at 6-9, 10-11.  The court denied the immunity defense raised by Defendant NDEX.  Order on Interim Report and Recommendation [Dkt. #29] at 3.

The Texas Defendants' immunity from suit provides ample support for the Removing Defendants' claim of fraudulent joinder.  *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x. 274, 278 (5th Cir. 2014); *Iqbal v. Bank of Am., N.A.*, 559 F. App'x. 363, 365-66 (5th Cir. 2014).  Nevertheless, because NDEX's immunity argument was rejected, leaving one Texas defendant in the case, the existence of diversity jurisdiction was not established by the Interim Report and Recommendation or its adoption by the District Court.  *See White v. FCI USA, Inc*., 319 F.3d 672, 674-675 (5th Cir. 2003) (diversity jurisdiction requires complete diversity of the parties).

4

NDEX made no further argument for dismissal on the basis of the Original Petition, but ultimately sought and won dismissal for failure to state a claim on the basis of Plaintiffs' Amended Petition. *See generally* Report and Recommendation [Dkt. #59]; Order on Report and Recommendation [Dkt. #66]. Notably, the dismissal of NDEX was based in large part on Plaintiffs' lack of standing to sue NDEX for allegedly overstepping its authority to record the transfer of the Note.  Report and Recommendation [Dkt. #59] at 9-10.  This lack of standing would have been an adequate basis to find fraudulent joinder, had Plaintiffs contested removal. *See Gilkerson v. Chasewood Bank*, 1 F. Supp. 3d 570, 580 (S.D. Tex. 2014) ("Standing is an issue of subject matter jurisdiction that must be found before the merits of a case can be addressed by a court.")  Because the propriety of removal is determined on the basis of the complaint at the time of removal, however, this analysis of standing in the Amended Complaint does not cure the gap in the jurisdictional analysis at the time of removal.   *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004) (a reviewing court "measures all challenges to subject matter jurisdiction premised on diversity of citizenship against the state of facts that existed at the time of filing").

The Removing Defendants also sought and won dismissal for failure to state a claim on the basis of Plaintiffs' Amended Complaint. *See generally* second Interim Report and Recommendation  [Dkt. #39]; second Order on Interim Report and Recommendation [Dkt. #60]. [1]   Again, however, because the Court's analysis was based on the Amended Complaint,

---

[1] Neither of the proposed bases for federal question jurisdiction, "HOLA preemption" or alleged violations of the FDCPA, appear to have provided a basis for the dismissal on the merits.  The claims against the Removing Defendants were dismissed because Plaintiffs' fraud claims depended on their argument that MERS was without authority to assign the mortgage to Countywide's successor, BoA—a position this Court and "numerous other courts" have rejected.  Interim Report and Recommendation [Dkt. #39] at 9.

not the removed Original Petition, it bears no weight in analyzing whether federal question jurisdiction existed at the time of removal. *Spear Mktg. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015).

Plaintiffs timely appealed the dismissal of their claims.  The Fifth Circuit reversed the judgment and remanded with instructions to consider the basis, if any, for federal jurisdiction over Plaintiffs' claims, finding the Removing Defendants' claim of improper joinder "is a threshold inquiry:  when confronted with an allegation of improper joinder, the court must determine whether the removing party has discharged its substantial burden before proceeding to analyze the merits of the action."  *Smith v. Bank of America Corp.*, No. 14-50256 (5th Cir. Mar. 20, 2015), slip op. at 6.  The Fifth Circuit further invited the District Court to "consider whether federal question jurisdiction provides an alternate ground for federal subject-matter jurisdiction" in light of a recent Supreme Court case holding that factual allegations in a pleading may adequately state a claim, even if they do not adequately state particular legal theories.  *Id.* at n. 5 (citing *Johnson v. City of Shelby, Mississippi*, 135 S. Ct. 346 (2014) (per curiam)).

On remand, the District Court instructed the Magistrate Court to issue a report and recommendation on the basis, if any, for federal subject matter jurisdiction in this matter. Mindful of the scope of the Fifth Circuit's remand, the Magistrate Court sought additional briefing from the parties concerning federal subject matter jurisdiction in this case.  Plaintiffs moved to remand the case to state court, contending there is no federal question jurisdiction and no fraudulent joinder of the non-diverse Texas Defendants. Having considered the briefing, the relevant case law, and the case file as a whole, the Magistrate Court RECOMMENDS the District Court assert federal subject matter jurisdiction over this case and DENY Plaintiffs' Motion to Remand [Dkt. #73].

6

II.   STANDARD OF REVIEW

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  28 U.S.C. § 1441(a).  In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Grupo Dataflux*, 541 U.S. at 571; *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009).   When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

### A.  Federal Question Jurisdiction and Complete Preemption

Generally, a federal court has jurisdiction over a case in two circumstances.  The first, known as federal question jurisdiction, exists if a case "arises under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1331.  Removal based on federal question jurisdiction is proper if the complaint establishes (1) federal law creates the cause of action, or (2) federal law is a necessary element of one of the well-pleaded claims.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988).  In this case, the Removing Defendants allege Plaintiffs have invoked the federal FDCPA and, alternatively, that the federal HOLA statute preempts Plaintiffs' claims.

The argument that federal law preempts state law regarding Plaintiffs' claims "is usually a defense and thus not a basis for removal."  *Spear Mktg.*, 791 F.3d at 593.  Nevertheless, "when 'the pre-emptive force of a [federal] statute is so 'extraordinary' that it converts an ordinary state

common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' removal is proper." *Id.* (quoting *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705 (5th Cir. 2012)).  Here, the Removing Defendants allege HOLA, which "completely preempts the field," *Spear Mktg.*, 791 F.3d at 593, applies to Plaintiffs' claims and thus creates a basis for federal question jurisdiction and removal.  *Id.*

### B.  Diversity Jurisdiction and Fraudulent Joinder

The second circumstance in which a federal court has jurisdiction is frequently termed diversity jurisdiction.  *See generally* 28 U.S.C. § 1332 (setting out the elements required for jurisdiction based on "diversity of citizenship").  "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White*, 319 F.3d at 674-75.  Furthermore, removal is appropriate "only if none of the parties properly joined and served as defendants is a citizen of the state in which the action was brought." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing 28 U.S.C. § 1441(b)(2)).  If the asserted basis of federal jurisdiction is the diversity of the parties, 28 U.S.C. § 1332, the party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Manguno*, 276 F.3d at 723.  These necessary elements must exist "both at the time of filing in state court and at the time of removal to federal court."  *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)).

For purposes of establishing complete diversity of citizenship, a removing defendant may allege that defendant parties from the plaintiff's home state are improperly joined and should not impact the jurisdictional analysis.  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).  Improper joinder "'can be established in two ways: (1) actual fraud in the pleading of

jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004)). Where there is no allegation of actual fraud in the pleadings, the test for improper joinder is "whether the ***defendant has demonstrated*** that there is no possibility of recovery by the plaintiff against an in-state defendant." *Mumfrey*, 719 F.3d at 401 (quoting *In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 385 (5th Cir. 2009)) (emphasis in *Mumfrey*).

The procedure for determining improper joiner under this standard was set out in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 569, 573 (5th Cir. 2004)). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. Notably, although the *Smallwood* court referenced "a Rule 12(b)(6) challenge" as a guideline for determining improper joinder, the Fifth Circuit has issued two subsequent unpublished opinions holding that Texas' notice pleading standard—not the more particularized "plausible claim" standard articulated in cases analyzing federal Rule 12(b)(6)—is the appropriate standard of review for evaluating whether a plaintiff has fairly stated potentially viable claims against an in-state defendant. *Michels v. Safeco Ins. Co. of Ind.*, 544 F. App'x 535, 538 5th Cir. 2013); *Akerblom v. Ezra Holdings, Ltd.,* 509 F. App'x 340, 344 (5th Cir. 2013).

Though the improper joinder inquiry is often similar to a threshold evaluation of the pleadings, where there are "discrete facts" outside the pleadings "that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)). The initial burden is on the defendant to show the complaint fails to state a claim, and if the court elects to pierce the pleadings and conduct a summary inquiry, the burden remains with the defendant. *Mumfrey*, 719 F.3d at 401.

### III.   ANALYSIS

#### A.  Federal Question Jurisdiction Exists

Federal question jurisdiction is fairly invoked by the Plaintiffs' Original Petition.  Orig. Pet. at 7-8.  Plaintiffs flatly deny they intended to assert any claims under the federal Fair Debt Collection Practices Act.  Mot. Remand [Dkt. # 73] at 8-9.  Ordinarily, Plaintiffs are masters of their complaint, and they may choose to forego available federal law claims in order to avoid removal from state court.  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).  But it is equally well settled that the propriety of removal is evaluated based on the removed complaint; Plaintiffs' subsequent narrowing of the issues to drop or avoid federal claims that fairly appeared on the face of the original complaint will not suffice to defeat federal subject matter jurisdiction.  *Spear Mktg.*, 791 F.3d at 592.

##### 1.   *Federal Question Jurisdiction Is Apparent on the Face of the Petition*

At paragraph 17 of the Original Petition, Plaintiffs assert Bank of America was a third party debt collector "pretending" to be the lender.  Orig. Pet. at 7.  Under *Johnson*, a pleading is sufficient if it states an adequate factual basis for a claim—there is no requirement for a "punctiliously stated 'theory of the pleadings.'"  135 S. Ct. at 310.  Plaintiffs' factual allegations meet this standard:

> Bank of America Corporation failed to adhere to the Fair Debt Collection Practices Act, as all third party debt collectors are required to do.  When [Plaintiffs] requested via Bank of America Corporation's mortgage servicer 1-800 consumer help line some form of reasonable documentation of change of mortgage servicer, none was provided. . . .   [Plaintiffs further allege] the investor of the securitized note was Fannie Mae, not Bank of America Corporation.

Orig. Pet. at 7.

10

Plaintiffs contend their claims should not be construed as arising under a federal statute where the facts plead could support relief under a state statute. This argument is inapposite where, as here, Plaintiffs' Original Petition specifically invokes 15 U.S.C. § 1692, the federal Fair Debt Collection Practices Act. According to Plaintiffs, "The Supreme Court has warned people in . . . Title 15 Section 1692 that when people enter into any dealings with agents, the people better investigate the authority and limits of the authority that the agents possess." Orig. Pet. at ¶ 17. Plaintiffs specifically named the federal statute in the very paragraph alleging false debt collection practices. Thus, "a federal question appears on the face of the plaintiff's properly pleaded complaint," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), and Federal question jurisdiction exists here. 28 U.S.C. § 1331.

### 2. *Defendants' HOLA Preemption Argument is Superfluous*

The Removing Defendants assert federal question jurisdiction exists because Plaintiffs' loan originated with Countrywide, a Federal Banking Association (FBA). As an FBA, Countrywide was subject to HOLA, 15 U.S.C. § 1601 *et seq.* HOLA preempts most state laws concerning mortgage foreclosure. 12 C.F.R. §§ 560.2(b)(10); 560.2(b)(4)-(5). The Removing Defendants, though not themselves HOLA-regulated institutions, assert HOLA preemption attaches to the mortgage itself and therefore governs attempts to collect or foreclose on it.

Some district courts in this Circuit have accepted the argument that HOLA preemption "sticks" to a mortgage originated by an FBA bank and then transferred to a non-FBA banking institution. *See, e.g.*, *Chavez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 102764, 8-9 (N.D. Tex. July 9, 2013); *Olaoye v. Wells Fargo Bank, NA*, 2012 U.S. Dist. LEXIS 45952 (N.D. Tex. Apr. 2, 2012). Other district courts in this Circuit have reasoned, to the contrary, that the statute protects FBAs, and its preemption is not a transferrable asset that can be passed on with

11

the securitization of a loan. *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1003 (N.D. Tex. 2013) *see also Banks v. Bank of America, N.A.*, No. 13-CA-426-SS (W.D. TX June 19, 2015). The Fifth Circuit has not yet addressed this split in authority.

In this particular case, it is unnecessary to weigh in on the debate, because federal subject matter jurisdiction is apparent from Plaintiffs' invocation of the federal Fair Debt Collection Practices Act. Additionally and in the alternative, diversity jurisdiction exists as explained in Section III.B, *infra.* Given these two well-defined bases for exercising federal jurisdiction over Plaintiffs' claims, the Magistrate Court declines to offer an advisory opinion on the merits of the Removing Defendants' HOLA arguments.

### B. Diversity Jurisdiction Exists

#### 1. *Fraudulent Joinder Is Established Under Texas' Notice Pleading Standard*

Plaintiffs encourage the Court to find that Texas' liberal notice pleading standards should apply to allegations of fraudulent joinder. Indeed, as noted above, there is unpublished Fifth Circuit authority suggesting this may be the appropriate standard. *Michels*, 544 F. App'x at 538; *Akerblom,* 509 F. App'x at 344. Even under the more liberal notice pleading standard, however, Plaintiffs have merely given notice of their intent to sue state court defendants who are immune from suit or whom Plaintiffs have no standing to challenge. Therefore, Plaintiffs' Original Petition has articulated no set of facts on which recovery might be possible against any Texas Defendant, and fraudulent joinder was established at the time of removal. *Mumfrey*, 719 F.3d at 401.

#### 2. *Barrett Daffin and Attorney Porter Remain Entitled to Attorney Immunity*

A recent Texas Supreme Court case validates the Magistrate Court's initial analysis,

adopted by the District Court, that Barret Daffin and attorney Porter are entitled to immunity for their actions in connection with the transfer and foreclosure of Plaintiffs' mortgage.  *Cantey Hanger, LLP v. Byrd*, No. 13-0861, 2015 Tex. LEXIS 619 (Tex. June 25, 2015).  The binding majority holding in *Cantey* is that any action that is "part of the discharge of [the attorney's] duties to his client" is immune from liability.  *Id.* at *15.  There is no "fraud exception," nor is the immunity confined to active litigation.  *Id.*  In this case, it is undisputed Barrett, Daffin was acting as the foreclosure attorney for Bank of America at all times relevant to the Original Petition.  Moreover, as noted in the Magistrate Court's Interim Report and Recommendation, Plaintiffs have pointed to no facts or authority to suggest that because Porter was an agent of MERS he was acting outside the scope of his duties as an attorney in facilitating the transfer of the mortgage to Bank of America.  Interim Report and Recommendation [Dkt. #14] at 9 (Plaintiffs "cite to no authority, nor is the undersigned aware of any, which suggests the general law regarding an agent supersedes the specific case law relating to acts taken by a law firm on behalf of its clients.")  Finally, even if Porter were acting solely "in his capacity as an agent of MERS" and not as an attorney, Plaintiffs would lack standing to challenge his actions relating to the assignment of the mortgage for the reasons outlined below.  *See infra*, Section III.B.4.

### 3.   *Bastian Remains Entitled to Trustee Immunity*

Plaintiffs assert they have overcome Bastian's assertion of statutory immunity under Texas Property Code, Section 51.007(a) because they have adequately alleged he acted in bad faith by requiring a court order before he would provide the "original blue ink note."  Orig. Pet. at 19.  Even reading Plaintiffs' factual allegations liberally, Bastian's insistence on a court order hardly describes "concealing critical documents" in bad faith.  Reply [Dkt. #83] at 12. Moreover, the statute conferring immunity for Bastian's actions as a trustee requires a verified

response to Bastian's verified immunity pleading, which Plaintiffs to this date have not made. TEX. PROP. CODE ANN. § 51.007(b).  Bastian remains entitled to the statutory immunity granted by Texas Property Code, Section 51.007(a) and analyzed in the Magistrate Court's Interim Report and Recommendation [Dkt. #14], 10-11.

### 4. *Plaintiffs Lack Standing to Challenge NDEX's Authority to Effect Transfer*

Plaintiffs' Original Petition, even very liberally construed, does not allege NDEX did anything other than receive a copy of the notice of transfer after it had been filed with the county by MERS.  Orig. Pet. at 9-10.  Nevertheless, even accepting Plaintiffs' argument that this vague pleading should be construed as an allegation that NDEX participated in filing documents concerning the transfer of the mortgage without appropriate authority, Plaintiffs lack standing to pursue this challenge.  *Reinagel v. Deutsche Bank Nat'l Trust Co*., 735 F.3d 220, 225 (5th Cir. 2013).

Plaintiffs acknowledge the Fifth Circuit's opinion in *Reinagel* establishes they lack standing to challenge assignments that are voidable but not void *ab initio*.  735 F.3d at 225. Plaintiffs suggest, however, that *Reinagel* has been abrogated by a Texas appellate court decision, *Vazquez v. Deutsche Bank National Trust Co*., allowing a Texas homeowner to challenge an allegedly forged deed.  441 S.W.3d 783 (Tex. App. 2014, no pet.).  On the contrary, recent Fifth Circuit, Texas appellate court, and federal district court decisions have easily harmonized the two cases.  *Ericson v. Resurgent Capital Servs., L.P.,* No. 14-20678, 2015 U.S. App. LEXIS 13437, *4 (5th Cir. Tex. July 30, 2015); *Standiford v. CitiMortgage, Inc.*, No. 03-14-00344-CV, 2015 Tex. App. LEXIS 11269, 10-12 (Tex. App. Austin Nov. 3, 2015);  *Hawk v. Deutsche Bank Nat'l Trust Co*., No. 3:15-CV-1784-D, 2015 U.S. Dist. LEXIS 164441, *7-9 (N.D. Tex. Dec. 8, 2015).  *Vazquez* involved specific allegations of forgery on an original

document, which, if true, would have rendered the assignment void.  441 S.W.3d at 787.  In contrast, Plaintiffs allege MERS lacked authority to transfer their loan to Bank of America and therefore the documents filed effecting the transfer were fraudulent.  Orig. Pet. at 11-16.  "Lack of authority" is an argument that the transfer is voidable, not void.  *Standiford*, 2015 Tex. App. LEXIS 11269 at *10-12.  Thus, Plaintiffs have no standing to raise it.  *Id.*

Because Plaintiffs lack standing to sue Porter and NDEX, and Porter, Barrett Daffin, and Bastian are entitled to immunity for the actions challenged in Plaintiffs' Original Petition, each of the Texas Defendants was fraudulently joined.  *Smallwood*, 385 F.3d at 573-75.  Therefore, diversity jurisdiction existed at the time of removal.  28 U.S.C. § 1332.

## IV.   RECOMMENDATIONS

Because both diversity jurisdiction and federal question jurisdiction existed at the time of removal, the Magistrate Court RECOMMENDS the District Court assert subject matter jurisdiction over this case and DENY Plaintiffs' Motion to Remand [Dkt. #73].

## V.   OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings

and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED January 4, 2016

_____
Mark Lane
United States Magistrate Judge